UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWITT LAMBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC.,<br><br>        Defendant. | Case No. 17-cv-05369-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 13, 14, 16 |

       Tesla's motion to compel arbitration is granted and DeWitt Lambert's motion for partial summary judgment is denied.[1]

       Lambert signed a binding arbitration agreement when he began working for Tesla. In this motion, he argues that his section 1981 claim cannot be subjected to mandatory arbitration because it involves his right not to be subjected to racial discrimination, which, he claims, Congress intended to be adjudicated only in court. However, Ninth Circuit case law counsels otherwise. In *EEOC v. Luce, Forward, Hamilton & Scripps*, the Ninth Circuit decided that Title VII claims can be subjected to compulsory arbitration because section 118 of the Civil Rights Act of 1991 encourages arbitration and alternative dispute resolution for Title VII claims. *See* 345 F.3d 742, 746-53 (9th Cir. 2003) (quoting Pub. L. No. 102-166, § 118, 105 Stat. 1071, 1081 (1991) ("Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including . . . arbitration, is encouraged to resolve disputes arising under the [1991] Acts or provisions of Federal law amended by this title.")). Other circuits have arrived at

---

[1] Tesla's request for judicial notice (Dkt. No. 14) is granted, since each document is a state-court filing and part of the public record. *See* Fed. R. Evid. 201.

the same conclusion.  *See* 345 F.3d at 748-49.

The Ninth Circuit's reasoning is binding here: if Title VII claims can be subjected to arbitration based on section 118 and the logic of *Luce, Forward*, so can section 1981 claims. The application of section 118 is not confined to Title VII.  In fact, looking just to the text – as *Luce, Forward* did – section 118 of the Civil Rights Act of 1991 is codified in the notes to section 1981 of Title 42 of the U.S. Code.  Additionally, Title VII and section 1981 claims are considered analogous and often brought together in the same suits.  Of course, the two statutes are not identical – for instance, an individual must file a charge with the Equal Employment Opportunity Commission before bringing a Title VII claim, but not before bringing a section 1981 claim.  *See* 42 U.S.C. § 2000e-5.  But these differences do not justify departing from the reasoning of *Luce, Forward*.

Therefore, the motion to compel arbitration is granted and the case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: January 8, 2018

_____
VINCE CHHABRIA
United States District Judge